IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:23-cr-00199-IM |
| v. | **OPINION AND ORDER GRANTING IN PART AND DENYING IN PART MOTIONS IN LIMINE** |
| **MARION BRENT GRAYBAEL, JR.**, | |
| Defendant. | |

Natalie K. Wight, United States Attorney, Pamela Paaso and Suzanne A. Miles, Assistant United States Attorneys, United States Attorney's Office, 1000 SW Third Avenue, Suite 600, Portland, OR 97204. Attorneys for the United States.

Ryan Costello and Anna Maria Belesiotis, Office of the Federal Public Defender, 101 SW Main Street, Suite 1700, Portland, OR 97204. Attorneys for Defendant.

**IMMERGUT, District Judge.**

For the reasons set forth on the record at the pretrial conference on August 11, 2023, and below, this Court addresses the Government's Motion to Introduce Character Evidence Under Fed. R. Evid. 404(b), ECF 33, and the parties' motions in limine, ECF 30; ECF 48; ECF 53; ECF 61; ECF 62. For the following reasons, the parties' motions are GRANTED IN PART and DENIED IN PART.

PAGE 1 – OPINION AND ORDER

## LEGAL STANDARDS

"Relevant evidence is admissible unless the constitution, a statute, or the Federal Rules of Evidence provide otherwise." *Bacon v. Dep't of Hum. Servs.*, No. 22-35142, 2023 WL 2755592, at *2 (9th Cir. Apr. 3, 2023) (citing Fed. R. Evid. 402). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action. Fed. R. Evid. 401.

"Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). A defendant's other crimes, wrongs, or acts are admissible under Fed. R. Evid. 404(b) for non-character purposes, such as to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

Evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"As a general rule, a party is prohibited from introducing a statement made by an out-of-court declarant when it is offered at trial to prove the truth of the matter asserted." *United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (citing Fed. R. Evid. 801(c), 802).

## DISCUSSION

### A.  Government's Motion to Introduce Character Evidence Under Rule 404(b)

GRANTED. "Prior 'bad act' evidence may be admissible under Rule 404(b) if: (1) the evidence tends to prove a material point (materiality); (2) the other act is not too remote in time (recency); (3) the evidence is sufficient to support a finding that defendant committed the other act (sufficiency); and (4) . . . the act is similar to the offense charged (similarity)." *United States*

*v. Berckmann*, 971 F.3d 999, 1002 (9th Cir. 2020) (citation omitted). Defendant only challenges the materiality prong of the 404(b) analysis and does not challenge the prior assaults on the bases of recency, sufficiency, and similarity. *See* ECF 53 at 4–5. This evidence is admissible under Fed. R. Evid. 404(b)(2) for the limited purpose of demonstrating Defendant's intent, absence of mistake, and lack of accident. The evidence is also admissible for the purpose of illustrating AV's reaction to the alleged assault. *See Berckmann,*, 971 F.3d at 1002, n.2; *see also United States v. Tsinnijinnie*, 91 F.3d 1285, 1289 (9th Cir. 1996) (evidence of prior physical abuse admissible under Rule 404(b) to demonstrate how a victim "could be afraid enough to submit to such actions quietly").

**B.  Government's Motions in Limine**

**1.  Motion to Limit Evidence of AV's Misdemeanor Convictions**

GRANTED with leave to renew as to theft. These are misdemeanor convictions that were not punishable by imprisonment for more than one year. Accordingly, these convictions are inadmissible under Fed. R. Evid. 609(a)(2) unless the court can readily determine that establishing the elements of these crimes required proving a dishonest act or false statement. AV's convictions for drug possession, intoxication, and child endangerment do not involve a dishonest act or false statement and therefore are inadmissible. It is not readily apparent to this Court that AV's theft convictions involved a dishonest act or false statement. If Defendant seeks to admit AV's misdemeanor theft convictions for purposes of impeachment, he bears the burden of showing that these convictions involved a dishonest act or false statement.

**2.  Motion to Limit Evidence of AV's Prior Assault Conviction**

GRANTED. These are misdemeanor convictions that were not punishable by imprisonment for more than one year and are generally not considered crimes of dishonesty. *United States v. Glenn*, 667 F.2d 1269, 1273 (9th Cir. 1982) ("Generally, crimes of violence,

PAGE 3 – OPINION AND ORDER

theft crimes, and crimes of stealth do not involve 'dishonesty or false statement' within the meaning of rule 609(a)(2).") Accordingly, they are inadmissible under Fed. R. Evid. 609(a)(2).

### 3. Motion to Limit Evidence of AV's Sexual and Romantic History

GRANTED. Under Fed. R. Evid. 403 balancing, this evidence is not probative and highly prejudicial.

## C. Defendant's Motions in Limine

### 1. Exclusion of Government Witnesses

GRANTED, with the exception of each parties' case agent. The Government does not object.

### 2. Motion to Exclude Reference to AV as the "Victim"

DENIED. "Victim" is a legal term that designates AV's role in the offense. In open court during trial, AV will identify herself by name. In public filings, AV will be referred to as AV.

### 3. Motion to Refer to Defendant by His Name

DENIED. "Defendant" is a legal term that designates Defendant's role on the offense. Any potential prejudice is offset by the instructions regarding Defendant's presumption of innocence and the Government's burden of proof.

### 4. Motion to Order Witnesses Not to Converse With Each Other

GRANTED. The Government does not object. This Court orders all witnesses not to talk with each other, or others, during the pendency of the trial. Counsel for each side shall properly instruct witnesses accordingly.

### 5. Motion to Exclude Undisclosed Evidence

RESERVED RULING. Under *Brady v. Maryland*, the Government must disclose all favorable evidence to Defendant. 373 U.S. 83, 87 (1963). But there is no *Brady* violation unless the failure to disclose results in prejudice. *Strickler v. Greene*, 527 U.S. 263, 281–82 (1999). It is

impossible to assess prejudice without knowing what the potentially undisclosed evidence is. This Court declines to order broad exclusion of evidence, but will permit Defendant to raise specific objections to pieces of evidence should those objections arise.

**6. Motion to Play the Unconscious Bias Video**

DENIED. This Court will give the Ninth Circuit Model Instructions on Duty of Jury (1.1), Duties of Jury to Find Facts and Follow Law (6.1), and Duty to Deliberate (6.19), all of which include instructions about unconscious bias. This Court finds that the Model Instructions provide sufficient instruction on the issue of unconscious bias and an additional video on the topic has the tendency to confuse the jury.

**7. Motion for Extended Voir Dire Examination**

DENIED. Because this Court is examining jurors, it must either permit the parties to ask further questions this Court deems proper or submit further questions that this Court may ask if it considers them proper. Fed. R. Crim. P. 24(a)(2)(A)–(B). This Court will ask questions of the jurors submitted by the parties that it considers proper. This Court will also allow both sides fifteen minutes of voir dire.

**8. Motion to Exclude Defendant's Prior Criminal History for Impeachment Purposes**

RESERVED RULING. The Government is ORDERED to submit supplemental briefing as to whether *United States v. Valenica-Mendoza*, 912 F.3d 1215 (9th Cir. 2019), applies to Defendant's 2017 assault conviction. The Government's supplemental briefing is due August 21, 2023.

**9. Motion to Exclude AV's 911 Call**

DENIED. AV plans to testify. Should AV become unavailable, AV's 911 call was made for the primary purpose of enabling police assistance to meet an ongoing emergency, and is

therefore not a testimonial statement barred by the Confrontation Clause. *Davis v. Washington*, 547 U.S. 813, 828 (2006). Moreover, while the statement is hearsay, it is admissible as an excited utterance under Fed. R. Evid. 803(2).

### 10. Motion to Exclude AV's Statement to Officer Ulery

RESERVED RULING. AV plans to testify such that these statements do not implicate the Confrontation Clause. Whether these statements fall into an exception to the general bar against hearsay will depend on the evidence presented at trial about how and when these statements were made as well as AV's demeanor and mental state at the time she made the statements.

### 11. Motion to Exclude Emergency Protective Order

DENIED AS MOOT. The Government has represented that it is withdrawing this exhibit.

### 12. Motion to Exclude AV's Medical Records

DENIED. This Court finds that AV's medical records are properly admissible as both a record of regularly conducted activity under Fed. R. Evid. 803(6) and as a statement made for medical diagnosis or treatment under Fed. R. Evid. 803(4). The parties are ORDERED to confer regarding specific objections to discrete portions of the records that might be unduly prejudicial under Fed. R. Evid. 403 or not properly admitted under a hearsay exception. The parties are ORDERED to propose any necessary redactions to minimize prejudice.

## WITNESSES

## A.  Defendant's Objection to Government's Domestic Violence Expert

RESERVED RULING. This Court is in receipt of Defendant's Motion in Limine for *Daubert* Hearing on Government's Proposed Expert Witness. ECF 62. This Court will review this motion, as well as the Government's response, and will issue its ruling in a separate Opinion and Order.

PAGE 6 – OPINION AND ORDER

**B.  Government's Objection to Defendant's Witness AW 101**

GRANTED with leave to renew. This Court will not permit AW 101 to testify about an unrelated June 2023 incident of domestic violence. That incident, which occurred among unrelated parties and involved a firearm, which is not an issue in the charged offense, is void of probative value and, under Fed. R. Evid. 403 balancing, has a high likelihood of confusing the jury. Absent some other proffer of relevance to the charged May 16, 2023 incident, this Court will exclude AW 101's testimony.

**C.  Government's Objection to Defendant's Witness Keith Jackson**

GRANTED with leave to renew. This Court will not permit Mr. Jackson to testify about an unrelated June 2023 incident of domestic violence. That incident occurred among unrelated parties and involved a firearm, which is not an issue in the charged offense. This Court finds that any testimony regarding the June 2023 incident is void of probative value and, under Fed. R. Evid. 403 balancing, has a high likelihood of confusing the jury. Additionally, Defendant may not call Mr. Jackson to testify for the sole purpose of having Mr. Jackson invoke his Fifth Amendment right against self-incrimination on the stand. *United States v. Espinoza*, 578 F.2d 224, 228 (9th Cir. 1978). Absent some other proffer of relevance to the charged May 16, 2023 incident, this Court will exclude Mr. Jackson's testimony.

## EXHIBITS

As stated on the record, this Court reviewed the parties' respective exhibits and has preadmitted those exhibits to which the parties stipulated. This Court will exclude Defendant's proposed Exhibits 113 and 116, which relate to a June 2023 incident of domestic violence that occurred between unrelated parties. As noted above, this Court finds that evidence related to the June 2023 incident is void of probative value and, under Fed. R. Evid. 403 balancing, has a high likelihood of confusing the jury.

PAGE 7 – OPINION AND ORDER

This Court will also exclude Defendant's proposed Exhibits 122–137. These exhibits—which are online posts from Defendant's proposed witness Mr. Jackson—constitute impermissible character evidence under Fed. R. Evid. 404. Additionally, many of these exhibits do not appear temporally related to the May 16, 2023 incident. Under Fed. R. Evid. 403, this Court finds that these exhibits are of minimal probative value and have a high likelihood of confusing the jury.

## VOIR DIRE

### A. Defendant's Objection to Government's Proposed Voir Dire Question 14

GRANTED in part. As stated on the record, this Court will inquire into prospective jurors' history with law enforcement, but will do so in a more neutral manner by asking whether jurors have a strong negative or positive bias towards law enforcement.

## VERDICT FORM

RESERVED RULING. Defendant requests a verdict form that includes the lesser included offense of assault by striking or wounding.

Assault by striking, beating, or wounding is a lesser included offense of assault resulting in serious bodily injury. *United States v. Bowman*, 679 F.2d 798, 799 (9th Cir. 1982). "[A] defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208 (1973). This Court reserves ruling on Defendant's proposed verdict form pending the presentation of evidence at trial.

///

///

///

///

**CONCLUSION**

For the reasons set forth on the record at the pretrial conference and above, the

Government's Motion to Introduce Character Evidence Under Fed. R. Evid. 404(b), ECF 33, and

the parties' motions in limine, ECF 30; ECF 48; ECF 53; ECF 61; and ECF 62, are GRANTED

IN PART and DENIED IN PART.

**IT IS SO ORDERED**.

DATED this 17th day of August, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge